UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ARMENTA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATER BROS. MARKETS, a California Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02364-MCS-KK<br><br>**ORDER DENYING MOTION TO REMAND [10]** |

Plaintiff Danny Armenta moves to remand this matter, arguing that his claims are not preempted by section 301 of the Labor Management Relations Act ("LMRA") and that the Court otherwise lacks jurisdiction. Mot. to Remand ("Motion"), ECF No. 10. The Court held oral arguments and took the Motion under submission. For the following reasons, the Court exercises jurisdiction over all claims and denies the Motion.

## I. BACKGROUND

Armenta worked in Defendant's meat department from roughly May 2004 to September 2019. Compl. ¶ 17, ECF No. 1-1. Armenta's employment was subject to a collective bargaining agreement ("CBA") between the United Food & Commercial

Workers International Union and Defendant. *See* CBA, ECF No. 1-5*; see also* CBA Extension, ECF No. 1-6. Armenta brings the following claims on behalf of himself and putative classes of other employees: **(1)** failure to properly calculate and pay overtime wages; **(2)** failure to authorize and permit lawful rest periods; **(3)** failure to timely pay wages owed upon separation of employment; **(4)** failure to reimburse necessary expenses; **(5)** failure to accurately record and pay sick leave and/or paid time off; **(6)** failure to comply with wage statement provisions; **(7)** violation of the Unfair Competition law. *See generally* Compl.

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). In determining whether removal is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.   EXTRINSIC EVIDENCE

Defendant asks the Court to consider the CBA, orders from other cases, Armenta's "final wage statement," and a claimed individual settlement of Armenta's claims. Request for Judicial Notice ("RJN"), ECF No. 24-1. The Court considers the CBA, *Johnson v. Sky Chefs, Inc.,* 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012) ("Courts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption") (citation omitted), and the

pleadings from other cases, but does not take judicial notice of reasonably disputed facts in them. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); *Cousyn for Cousyn Grading and Demo Inc. v. Ford Motor Company*, 2019 WL 3491930, at *4 (C.D. Cal. July 30, 2019) ("[E]ven when the court judicially notices the existence of a reliable source, it may not notice disputed facts contained within the source.") (citation omitted). The Court also considers the proffered wage statement. *Mejia v. Farmland Mut. Ins. Co.,* 2018 WL 3198006, at *4 (E.D. Cal. June 26, 2018) (taking judicial notice of wage statement). The Court does not consider the alleged settlement agreements because Armenta challenged their authenticity in the briefing and at oral arguments, and because the Motion is resolved in Defendant's favor. Pl.'s Obj. to Def.'s RJN, ECF No. 25-3; Fed. R. Evid. 201(a) and (b) advisory committee's notes (noting that a "high degree of indisputability is the essential prerequisite" to taking judicial notice and "the tradition has been one of caution in requiring that the matter be beyond reasonable controversy.").

## IV. DISCUSSION

Defendant argues that section 301 preempts Armenta's overtime claim, and that the Court should exercise supplemental jurisdiction over remaining claims.

### A. Preemption of Armenta's Overtime Claim

"Courts in the Ninth Circuit apply a two-step analysis to determine whether LMRA preemption applies." *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *1 (C.D. Cal. November 30, 2017) (citation omitted). First, courts assess "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law" instead of a CBA; if the right exists solely because of the CBA then the claim is preempted. *Id*. (quoting *Burnside v. Kiewit Pacific Corp*., 491 F.3d 1053, 1059 (9th Cir. 2007)). Second, "if the right exists independently of the CBA, [courts] must still consider whether it is nevertheless substantially dependent on analysis of a [CBA]." *Id*.

///

Armenta alleges failure to pay overtime under California Labor Code §§ 510, 194, and 1197. Compl. ¶¶ 48-58. Section 510(a) provides that hours in excess of a 40-hour workweek or an 8-hour workday must be compensated at one-and-one-half rate of pay. Cal. Labor Code § 510(a). Section 514 provides that Section 510 does not apply to "an employee covered by a valid collective bargaining agreement" that contains certain provisions. *Id.* § 514; *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019) (stating that "the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA."). If an applicable CBA constitutes a "qualifying CBA" carved out from Section 510 by Section 514, then the right to overtime pay "exists solely as a result of the CBA" and "therefore is preempted under § 301." *Id.* at 1154 (citation omitted).

The CBA is a "qualifying CBA" under *Curtis* because it provides for "the wages, hours of work, and working conditions of the employees, and… premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage" as required under section 514. *See, e.g., Radcliff v. San Diego Gas & Elec. Co.*, 2021 WL 532258, at *4 (S.D. Cal. Feb. 12, 2021) ("[B]ecause the CBA applies to Plaintiff and meets the requirements of section 514, Plaintiff does not have a right to overtime under section 510…"); *Franco v. E-3 Sys.*, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) ("Defendant has met its burden of proving that the CBAs here satisfy the requirements of § 514… Plaintiff's claim for overtime is controlled by the CBAs," and "is therefore preempted by the LMRA."); *Van Bebber v. Dignity Health*, 2019 WL 4127204, at *8 (E.D. Cal. Aug. 30, 2019) ("Because § 514 applies, any cause of action brought by plaintiff seeking lost overtime cannot be based on § 510, but must rest exclusively on the CBAs themselves. Therefore, plaintiff's overtime claim is preempted under "step one" of the § 301 preemption analysis."); *Vasquez v. Packaging Corp. of Am.*, 2019 WL 4543106, at *3 (C.D. Cal. June 7, 2019) ("[S]imilar to the plaintiff's overtime claim in *Curtis*, Plaintiff's overtime claim here 'fails at step one of the preemption analysis,' because

Plaintiff's CBA satisfies § 514 and so his overtime claim is governed by the CBA rather than state law."). Armenta argues that his overtime claim is not preempted because his Complaint alleges only state law claims and does not reference the CBA. Motion 7-10. But overtime claims "style[d] as state law claims" can still be preempted by LMRA, *Curtis*, 913 F.3d at 1151, and post-*Curtis* courts reject Armenta's very arguments, finding that overtime claims pled under state law and without reference to a CBA are nevertheless preempted if there is a qualifying CBA. *See, e.g., Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *4 (C.D. Cal. Oct. 6, 2020) (denying motion to remand based on argument "that, because the Complaint alleges only state law claims and does not refer to the CBA, there is no LMRA preemption."); *Van Bebber*, 2019 WL 4127204, at *9 ("In his attempt to avoid application of the LMRA, plaintiff has understandably constructed his pleadings so as to avoid any reference to the CBAs, and to instead ground his claim solely in California state law. Such artful pleading is ineffective in the face of the evidence submitted by defendant, which affirmatively establishes that plaintiff and the class members were subject to the CBAs, and that these CBAs meet the requirements of § 514."). Armenta's reliance on pre-*Curtis* caselaw cannot avoid that "the core of *Curtis*'s logic is that section 510 creates a negotiable right to overtime wages; therefore, if an employee negotiates away this right by entering into a qualifying CBA, the employee's right to overtime wages necessarily derives from the CBA, not California law." *Radcliff*, 2021 WL 532258, at *5.

Because the CBA is a qualifying CBA under Section 514, Section 510's overtime provisions do not apply to Armenta and his overtime claim is based on rights that arise solely from the CBA. *Curtis*, 913 F.3d at 1152. Armenta's overtime claim is therefore preempted under step one of the *Burnside* test and removal was proper. *Id.*

### B. Supplemental Jurisdiction

Where original jurisdiction exists over a claim, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.") (citation omitted). "The decision to exercise [supplemental] jurisdiction remains discretionary with the district court." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). A district court may decline to exercise supplemental jurisdiction over a claim that arises out of a common nucleus of operative facts that provide the basis for a claim for which there is federal subject matter jurisdiction. Declining to exercise jurisdiction is appropriate under the following circumstances when:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Armenta's claims share a common nucleus of operative facts related to his employment. *See generally* Compl. The relevant factors do not support declining supplemental jurisdiction over the non-preempted state-law claims.

## V. CONCLUSION

Armenta's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 23, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE